### Charles W. Dascomb *vs.* Sibbell Sartell.

Two agreements were executed by A. and B. at the same time, whereby B. let his farm to
A. to be carried on, with the following stipulations: B. agreed that A. might "reserve
two thirds of the produce or income of the real estate." A. agreed "to deliver to B. one
third of the produce or income of the real estate"; and also, by a separate clause, "that
the hay, straw and fodder, the whole to be the property of B." *Held*, that these stipula-
tions, taken together, exhibited no latent ambiguity; that the whole of the hay, straw
and corn fodder belonged to B.; and that parol evidence was inadmissible to show a con-
trary intention.

TORT for the conversion of two undivided third parts of cer-
tain hay, straw, corn fodder and corn stalks. At the trial in the
superior court, the plaintiff introduced in evidence two instru-
ments, executed at the same time by the plaintiff and defendant
respectively, whereby the defendant let her farm to the plaintiff,
to be carried on for one year, with numerous mutual stipula-
tions, the material ones being recited in the opinion of the
court; and contended that a latent ambiguity existed in the in-
struments, and offered parol evidence to explain them. But
*Morton,* J., rejected the evidence; and stated to the jury that
24*

upon the true construction of the agreements, the defendant was the sole owner of all the hay, straw, corn stalks and corn fodder mentioned therein; and a verdict having been returned for the defendant, the plaintiff alleged exceptions.

*E. A. Kelly*, for the plaintiff.

*F. A. Worcester*, for the defendant.

CHAPMAN, J. The plaintiff claims title to the property sued for under an agreement. On the defendant's part, in the sixth article, her language is: "I agree that Mr. Dascomb may reserve two thirds of the produce or income of the real estate." On the plaintiff's part, his language is: (9th.) "I agree to deliver to Mrs. Sibbell Sartell, on or before the first day of December next, one third of the produce or income of the real estate." (10th.) "I agree that the hay, straw and fodder, the whole to be the property of Mrs. Sibbell Sartell." Taking all these clauses together, the whole of the hay, straw and fodder is plainly stated to belong to the defendant; and it is only the remaining produce which is to be divided, two thirds to him and one third to her. The court can see no latent ambiguity, such as might be explained by parol evidence. If the plaintiff was unskilful in the use of language, and did not express in writing what he meant, it is his misfortune. A court of law cannot aid him.

But there is another part of the agreement providing that the defendant was to find all the hay that might be needed for the cattle during the year; and this furnishes some reason for believing that, when the contract was made, she understood it as the court have interpreted it, whatever may have been the understanding of the plaintiff.                    *Exceptions overruled.*